J-S57041-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| JAMAL THEODORE JONES, | : | |
| | : | |
| Appellant | : | No. 3814 EDA 2017 |

Appeal from the Judgment of Sentence October 19, 2017
in the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000837-2017

BEFORE:    PANELLA, J., PLATT, J.* and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:            **FILED DECEMBER 04, 2018**

Jamal Theodore Jones (Appellant) appeals from his October 19, 2017 judgment of sentence of 12 to 30 years of incarceration, imposed after he pleaded guilty to aggravated assault and persons not to possess firearms. Appellant's counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We affirm the judgment of sentence and grant counsel's petition to withdraw.

The incident giving rise to the aforementioned charges occurred around 3:00 a.m. on Christmas morning.  A disturbance that occurred at a home in Allentown, Pennsylvania that spilled out onto the street, and Appellant eventually became involved.  He fired three shots in the direction of Randy Calloway, one of which hit Calloway in the abdomen.  Appellant

---

*Retired Senior Judge assigned to the Superior Court.

fled the scene, but was later identified by several witnesses. Appellant was arrested and charged in connection with this shooting.

On October 19, 2017, Appellant entered into a negotiated guilty plea. The Commonwealth agreed to an 8-year minimum sentence on the aggravated assault charge and a 4-year minimum sentence on the firearms charge to be served consecutively. The trial court had discretion to set Appellant's maximum sentence. The trial court sentenced Appellant to 12 to 30 years of incarceration, in compliance with the agreement. Appellant timely filed a post-sentence motion, asking for reconsideration as to Appellant's maximum sentence. The trial court denied the motion, and Appellant filed an appeal to this Court. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

In this Court, Appellant's counsel filed both an **Anders** brief and a petition to withdraw as counsel. Accordingly, the following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa. Super. 2007)

(citations omitted). Our Supreme Court has clarified portions of the **Anders**

procedure:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and

**Anders** brief, we conclude that counsel has complied substantially with the

technical requirements set forth above.[1] Therefore, we now have the

responsibility "'to make a full examination of the proceedings and make an

---

[1] Appellant has not filed a response with this Court to counsel's pettion. However, in the trial court, Appellant filed a motion for additional transcripts. Those transcripts have been forwarded to this Court and made part of a supplemental certified record.

- 3 -

independent judgment to decide whether the appeal is in fact wholly frivolous.'" *Commonwealth v. Flowers*, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting *Santiago*, 978 A.2d at 354 n.5).

The only issue arguably supporting an appeal cited by Appellant's counsel is whether the trial court abused its discretion in sentencing Appellant to a maximum term of 30 years of incarceration, which is the statutory limit. *Anders* Brief at 8. This issue involves a challenge to the trial court's discretion in sentencing.

"Initially, we must determine whether [Appellant] has the right to seek permission to appeal the sentencing court's exercise of its discretion." *Commonwealth v. Brown*, 982 A.2d 1017, 1018–19 (Pa. Super. 2009). When an appellant enters into a guilty plea where some, but not all provisions are negotiated, he may challenge only the discretionary aspects of the non-negotiated portion of his sentence. *See id*. Here, Appellant received his negotiated minimum sentence of 12 years of incarceration. However, Appellant's maximum sentence was not negotiated, and that is the portion he challenges on appeal. We consider this issue mindful of the following.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law,

exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

* * *

When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

***Commonwealth v. Antidormi***, 84 A.3d 736, 760-61 (Pa. Super. 2014) (internal citations and quotation marks omitted).

An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

(1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

***Commonwealth v. Samuel***, 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).

Here, Appellant filed a timely notice of appeal, preserved this issue in his post-sentence motion, and included a Pa.R.A.P. 2119(f) statement in his brief. ***Anders*** Brief at 11. Thus, we consider whether Appellant has raised a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the sentencing code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (citation and quotation marks omitted).

Instantly, counsel for Appellant raises the issue that Appellant's maximum sentence "was manifestly excessive and not proportional to the criminal action for which he had entered a guilty plea." ***Anders*** Brief at 11. "In ***Commonwealth v. Kimbrough***, 872 A.2d 1244, 1263 (Pa. Super. 2005) (citations omitted), this Court explained that '[w]hen the sentence is within the range prescribed by statute, a challenge to the maximum sentence imposed does not set forth a substantial question as to the appropriateness of the sentence under the guidelines.'" ***Commonwealth v. Yeomans***, 24 A.3d 1044, 1049 (Pa. Super. 2011). Based on the foregoing, we agree with counsel that Appellant has not presented a substantial question for our review.[2]

---

[2] Even if Appellant did raise a substantial question, he would not be entitled to relief. At sentencing, the Commonwealth informed the trial court that while Appellant was incarcerated, he had been contacting Calloway and other Commonwealth witnesses in an intimidating fashion both directly and

Accordingly, we agree with counsel that a challenge to the discretionary aspects of Appellant's sentence is frivolous. Moreover, we have conducted "a full examination of the proceedings" and conclude that "the appeal is in fact wholly frivolous."[3] **Flowers**, 113 A.3d at 1248. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

---

indirectly. **See** N.T., 10/19/2017, at 6. In addition to the negotiated minimum sentence, the plea agreement included the Commonwealth not pursuing criminal charges related to that conduct. Further, the trial court pointed out that Appellant "almost killed this man" and received a plea deal for 12 years of incarceration. **Id**. at 24. Based on the foregoing, we agree with counsel that Appellant has failed to demonstrate that "the [trial] court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." **Commonwealth v. Johnson**, 125 A.3d 822, 826 (Pa. Super. 2015) (quoting **Commonwealth v. Disalvo**, 70 A.3d 900, 903 (Pa. Super. 2013)).

[3] We have conducted our review mindful of the fact that "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." **Commonwealth v. Eisenberg**, 98 A.3d 1268, 1275 (Pa. 2014).

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 12/4/18